## BONNEY *v.* VAN BUREN Co.

Counties are liable for costs in criminal cases, in which *nolle prosequi* are entered, or in which indictments are quashed, or demurrers to them are sustained.

### *Error to Van Buren District Court.*

*Opinion by* GREENE, J. J. H. Bonney submitted his account to " the board of Commissioners of the county of Van Buren," for services rendered as sheriff and clerk of the district court, of that county in criminal cases, in which *nolle prosequi* were entered, and in which indictments were quashed or demurrers to them were sustained. The items in the account were admitted to be correct, but the board of commissioners decided that the county was not legally liable for the services, and therefore refused to audit and allow the claim. Upon an agreed case in the district court this decision was affirmed.

It is contended that the court erred, in thus deciding that the county is not liable for costs of the prosecution, in cases disposed of by *nolle prosequi*; by motion to quash, or by demurrer to indictments. The various enactments against adjudging costs against counties in criminal proceedings apply exclusively to cases of *acquittal*. *Rev. Stat.* p. 214, provides that " the county commissioners may allow the sheriff, and clerk of the district court, any sum not exceeding thirty dollars per annum, for services in criminal cases where the party is acquitted." In the *United States* v. *Switzer*, Morris 302, it was decided that the entering of a *nolle prosequi* is not an acquittal; and that a judgment in such case may be rendered against the county for costs. As none of the services in the case at bar, appear to have been rendered in acquittal cases we consider the county liable for them. We cannot feel justified in extending to the statute a construction broader than its letter imports; nor can we believe it to have been the intention of the legislature to deprive county of-

ficers, of just and adequate compensation for services required of them by law, when no such intention is explicitly set forth in the statute.

Judgment reversed.

*A. Hall*, for plaintiff in error.

*H. M. Shelby*, for defendant.